IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC MARK ALEXANDER a/k/a | § | |
| SIDRIC MARK ALEXANDER | § | |
| (TDCJ No. 1177349), on behalf of self | § | |
| and all others similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-903-K-BN |
| | § | |
| BACARDI AND COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action filed by Plaintiff Cedric Mark Alexander, a Texas prisoner,

proceeding *in forma pauperis* ("IFP"), *see* Dkt. No. 6, has been referred to the

undersigned United States magistrate judge for pretrial management pursuant to 28

U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed

Kinkeade. After consideration of Alexander's complaint and his verified responses to

the Court's questionnaire, *see* Dkt. Nos. 2, 4 & 8, the undersigned issues the following

findings of fact, conclusions of law, and recommendation that the Court should

summarily dismiss Alexander's complaint with prejudice and deny his pending motion

requesting that the Court direct service.

**Applicable Background**

In "a civil rights action," Alexander has sued various companies that can be

classified as either distillers of spirits, brewers of beers, or wineries, as well as

individuals associated with each company, alleging that the defendants are liable for his liver disease, "contracted ... from excessive alcohol use," because the defendants: (1) failed "to act on their knowledge of a substantial risk of harm and serious harm to plaintiff to be free from deliberate indifference to his general welfare"; (2)  failed "to provide equal protection of the law in regards to failure to make known that the product used cause[s] chemical addi[c]tion dependency"; (3) failed "to provide labels and/or information as to the health issues [caused] by [their] alcoholic intoxicating products"; and (4) failed "to provide information to the public as to the health issues and mental issues and chemical addi[c]tion dependency, [thus] constitut[ing] the tort of negligence under the law of the State of Texas." Dkt. No. 3 at 3, 5, & 11.

After Alexander was granted leave to proceed IFP, the Court issued a questionnaire to give him an opportunity to further explain his claims. *See* Dkt. No. 7. In his verified responses, Alexander confirms that each numbered claim above supports a constitutional violation. *See* Dkt. No. 8 at 8-12. The Court specifically asked Alexander to explain what duty to warn of the risks associated with the consumption of alcoholic beverages, if any, the defendants owed him, and, if he claims that such a duty exists, whether a breach of that duty violated a constitutional right(s). Alexander explains that a duty to warn does exist and that he "has shown that breach of such duty ... constitutes an 8th amendment violation 'deliberate indifference' and the 14th amendment 'Equal Protection.'" *Id.* at 13-14.

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if

it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include Alexander's responses to the Court's questionnaire, *see* Dkt. No. 8, which "become part of [his] pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

A district court must generally afford a *pro se* complainant an opportunity to

amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F.
App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053,
1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring
into focus the factual and legal bases of a prisoners' claims" – and the one
predominately utilized by the undersigned – is "requesting a more definite statement
from the prisoner through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9
(5th Cir. 1994)). Where the Court determines that a *pro se* prisoner has been given an
opportunity to state his best case by, for example, providing responses to a Court-
issued questionnaire, the Court may dismiss his complaint – or claims and/or
defendants therein – with prejudice. *See, e.g.*, *Mitchell v. Miller-Roach*, No. 3:10-cv-
1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011), *rec. adopted*, 2011 WL
2292247 (N.D. Tex. June 8, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v.
Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam); *Teel v. Collins*, 59 F.3d
1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)); *see also Graves v.
Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate
if the plaintiff has been given an opportunity to expound on the factual allegations by
way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on
other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

## Analysis

Before turning to the substance of Alexander's claims, the undersigned observes
first that, although he has not moved for class certification nor truly defined a class of

plaintiffs he seeks to represent, Alexander's complaint (liberally construed) appears to

seek class action status. *See* Dkt. No. 3 at 1 (listing Alexander as plaintiff "on behalf

of self and all others similarly situated").

> [But] *pro se* prisoners (or "non-convicted detainees") have neither the
> authority to represent anyone but themselves nor the competence to
> protect the interests of[, for example,] other prisoners as required by
> [Federal Rule of Civil Procedure] 23. *See Russell v. United States*, 308
> F.2d 98 (9th Cir. 1962); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th
> Cir. 1975). Because [Alexander] is proceeding *pro se*, he cannot represent
> a class. To pursue claims on his own behalf, [Alexander] must plead
> specific conduct that has been committed by a person or persons ... that
> deprived him of a right, privilege or immunity secured by the
> Constitution and he must plead specific facts showing how and when and
> by whom he was harmed by that conduct.

*Henderson v. Jamison*, No. C10-5802 RBL/KLS, 2011 WL 690616, at *2 (W.D. Wash.

Jan. 31, 2011), *rec. adopted*, 2011 WL 690573 (W.D. Wash. Feb. 18, 2011); *cf. McGrew

v. Tex. Bd. of Pardons & Parole*, 47 F.3d 158, 162 (5th Cir. 1995) ("McGrew alleged that

there are numerous other inmates having an interest in his action but he did not

address any of the other requirements of Rule 23. Further, because McGrew is

proceeding *pro se* and his own complaint failed to state a cause of action, his ability to

serve as an adequate representative of the class is dubious." (citing *Gonzales v.

Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973))).

The sum of Alexander's individual claims, then, is that the defendants harmed

him by not warning him that alcohol in excess is dangerous. Examining the applicable

law in Texas, the only state law Alexander has identified,

> the existence of a duty to warn of the dangers or instruct as to the proper
> use of a product is a question of law. *See Munoz v. Gulf Oil Co.*, 732

S.W.2d 62, 65 (Tex. App. – Houston [14th Dist.] 1987, writ ref'd n.r.e.). "A product may be proven to be defective if ... it is unreasonably dangerous because adequate warnings or instructions are not provided." *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 377 (Tex.1984). *See also Bristol-Myers Co. v. Gonzales*, 561 S.W.2d 801, 804 (Tex.1978). Even a product which is safely designed and manufactured may be unreasonably dangerous as marketed because of a lack of adequate warnings or instructions. *Lucas v. Texas Industries, Inc.*, 696 S.W.2d at 377.

*Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387 (Tex. 1991).

[But, f]rom ancient times, the danger of alcoholism from prolonged and excessive consumption of alcoholic beverages has been widely known and recognized. Consequently, [the Texas Supreme Court has held that], because the danger of developing the disease of alcoholism from prolonged and excessive consumption of alcoholic beverages is and has been generally known and recognized, it is within the ordinary knowledge common to the community.

*Id.* (concluding that "under the limited circumstances present in [that case that] Seagram had no duty to warn or instruct of this particular danger arising from the prolonged and excessive consumption of alcoholic beverages"; citations omitted).

Given the clear holding in *Seagram*, the defendants here owed Alexander no duty to warn of the "generally known and recognized" danger associated with "excessive consumption of alcoholic beverages." *Id.* Therefore, because the factual content in the complaint does not support claims that are facially plausible or allow the Court "to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, Alexander's claims should be dismissed, *cf. Davis v. Tobacco Co. of Prods.*, No. SA-96-CA-782, 1997 WL 33147703, at *2-*3 (W.D. Tex. May 21, 1997) (dismissing as frivolous under Section 1915 a *pro se* complaint in which the plaintiff alleged "that the purported defendants['] failure to

warn about nicotine levels was a cause of Davis's addiction, and subsequent death from cancer," after observing that, "[u]nder Texas law, cigarette manufacturers have no duty to warn of the dangers of smoking; danger of cigarette smoking are within the common knowledge of the community," and that "[l]ike the dangers of alcohol consumption, the dangers of cigarette smoking have long been known to the community" (citing *Seagram*, 814 S.W.2d at 387; *Roysdon v. R.J. Reynolds Tobacco Co.*, 849 F.2d 230, 236 (6th Cir. 1988))).

Further, as the factual content of Alexander's complaint fails to allege plausible claims of negligence, the complaint also fails to allege plausible constitutional violations. *See, e.g., Williams v. City of Philadelphia*, Civ. A. No. 87-4961, 1987 WL 19887, at *5 (E.D. Penn. Nov. 12, 1987) ("Even if, as the complaint alleges, defendant breached a duty to warn ... , at most defendant's conduct would constitute negligence.... Negligence may be sufficient for state common law tort liability, but the Supreme Court has held that it is insufficient to support a claim of violation of the fourteenth amendment under [42 U.S.C. §] 1983." (citations omitted)).

Any constitutional claims alleged are further not plausible because Alexander has named as defendants only private companies and individuals, and he has provided no facts to connect the alleged conduct of these defendants to the State. Absent factual allegations to support a claim that the conduct of any defendant – alleged to have violated Alexander's rights under the Constitution – may be attributable to the State, Alexander has failed to state plausible claims under Section 1983.

[T]o state a viable claim for relief in a § 1983 action, [a p]laintiff must

allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)..

*Hester v. Dallas Cnty. Jail*, No. 3:11-cv-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *rec. adopted*, 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012) (citation omitted; some internal citations modified).

## Recommendation

The Court should summarily dismiss Plaintiff Cedric Mark Alexander's complaint with prejudice and deny his pending motion requesting that the Court direct service [Dkt. No. 10].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE